**In re Charlotte ROBERTS, Debtor.**

**Bankruptcy No. 91–00526–C.**

United States Bankruptcy Court,
N.D. Oklahoma.

March 17, 1992.

---

Ty H. Stites, Tulsa, Okl., for debtor.

J. Michael Morgan, Tulsa, Okl., for Sears.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Chief Judge.

### Material Facts

Debtor filed a Petition for Relief and plan under Chapter 13 on February 22, 1991. Notice of the filing and a copy of the plan was sent to Sears Roebuck & Company ("Sears") on February 28, 1991. This notice contained the following information:

1. Fixed the time and place of the meeting of creditors pursuant to 11 U.S.C. Section 341, as April 2, 1991, 11:00 a.m., U.S. Federal Building, 333 West Fourth Street, Room 3130, Tulsa, Oklahoma;

2. Fixed the last day to file proofs of claim as July 1, 1991; and

3. Established the time and place of the confirmation hearing on the plan as April 17, 1991, 9:30 a.m., Courtroom 2, 111 West Fifth Street, Second Floor, Grantson Building, Tulsa, Oklahoma.

In response to this notice, Sears filed five claims. Only Claim No. 7 is involved in this dispute. Claim No. 7 was filed on March 25, 1991, in the amount of $426.36, secured by a desk, chair and dresser.

The Debtor did not object to the allowance of Claim No. 7 as a secured claim and did not file an adversary proceeding contesting the validity of Sears' secured interest in the property. Instead, the Debtor, in its original plan, treated Sears' claim as unsecured. The Court confirmed this plan without objection on July 22, 1991. On October 8, 1991, the Debtor filed its second amended plan which also treated Sears' Claim No. 7 as unsecured. At a confirmation hearing on November 11, 1991, the

second amended plan was confirmed from the bench, without objection.[1]

It should be specifically noted that Sears, even though properly notified, did not attend the meeting of creditors pursuant to 11 U.S.C. § 341 and did not object to its treatment in either plan and did not object to the confirmation of the plans. Instead, Sears, on December 12, 1991, more than thirty days after the oral confirmation of the second amended plan, filed a motion for relief from automatic stay and for abandonment of the property from the estate, or, in the alternative, for adequate protection payments for its collateral.

The issue, in the present case, is whether the terms of the confirmed plan voided the valid security interest of Sears. If so, then Sears' motion should be denied and it will be paid a two percent dividend along with the rest of the unsecured creditors. If the secured interest was not so voided, then the motion should be granted or the plan amended to treat Sears as a secured creditor.

The Debtor contends pursuant to 11 U.S.C. § 1327(a)[2] the provisions of the confirmed plan bind Sears and, therefore, its Claim No. 7 is unsecured and its motion should be denied.

Sears, on the other hand, contends it had an allowed secured claim on file at the time both plans were confirmed and its security interest, therefore, cannot be voided by the terms of a confirmed plan and its motion should be granted.

■ This Court agrees with Sears. The basic rule of law is a debtor may not void a security interest by the terms of a confirmed plan. See *In re Simmons*, 765 F.2d 547 (5th Cir.1985); *Matter of Beard*, 112 B.R. 951 (Bankr.N.D.Ind.1990); *Matter of Stein*, 63 B.R. 140 (Bankr.D.Neb.1985); *In re Mikrut*, 79 B.R. 404 (Bankr.W.D.Wis. 1987); *In re Thomas*, 883 F.2d 991 (11th Cir.1989); *In re Honaker*, 4 B.R. 415 (Bankr.E.D.Mich.1980) (this is the landmark decision); *In re Tarnow*, 749 F.2d 464 (7th Cir.1984); *In re Levine*, 45 B.R. 333 (N.D.Ill.1984).

■ 11 U.S.C. § 1322 states what a plan may provide. A plan may modify the rights of holders of a secured claim but, § 1322 does not say, a plan may void the lien of a secured creditor. Under 11 U.S.C. § 502, a claim is allowed, if not objected to. Claim No. 7 of Sears was filed as a secured claim and not objected to by the Debtor. Therefore, Claim No. 7 became an allowed secured claim. Under 11 U.S.C. § 506(d) an allowed secured claim cannot be voided by the debtor. Additionally, under 11 U.S.C. § 1325, a plan can only be confirmed if a holder of a secured claim has accepted the plan (which Sears did not) or the plan provides the holder of the secured claim retain its lien and is paid the value of its collateral. The two confirmed plans in this case do not so provide, therefore, the plans should not have been confirmed in the first place.

■ Under 11 U.S.C. § 1327, the terms of a confirmed plan are binding on creditors only if these terms are properly included in a plan and the plan is properly confirmed. An order confirming a plan is res judicata only as to those issues actually decided or which could have been decided. The validity of Sears' lien was not decided at the confirmation hearing and, in fact, could not be because the terms of a plan cannot be used to void a security interest. If the Debtor wished to challenge the validity of the Sears' secured claim, it should have filed an adversary proceeding pursuant to Fed.Bankr.R.Proc. 7001 or filed a motion objecting to the claim. Neither course was taken.

The Debtor cites four cases supporting its position that the confirmed plan binds a creditor. These cases are *In re Patterson*, 107 B.R. 576 (Bankr.S.D.Ohio 1989); *In re*

---

1. No written order was ever entered by the Court confirming this second amended plan.

2. Section 1327(a) states:
   The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

*Guilbeau,* 74 B.R. 13 (Bankr.W.D.La.1987); *In re Rathe,* 114 B.R. 253 (Bankr.D.Idaho 1990); *In re Botteri,* 108 B.R. 164 (Bankr. S.D.Ohio 1989); and *In re Zimble,* 47 B.R. 639 (Bankr.D.R.I.1985). None of these decisions apply to the instant case. None of them involve the voiding of a security interest by the terms of a plan. They do involve instances where the plan provided for payments on a recognized secured claim. In each case, after the plan was confirmed, the secured creditor asked the court for higher payments or a higher interest rate. In all of these cases, the courts denied the request of the secured creditor and held it was bound by the terms of the plan. These cases do not involve the voiding of an otherwise valid security interest by the terms of a confirmed plan. The Court will enter a separate order consistent with the views expressed in this Memorandum Opinion.