**In re Bret E. PARKER and Melinda B. Parker, Debtors.**

**Bankruptcy No. 92–00866–13.**

United States Bankruptcy Court, D. Idaho.

Dec. 8, 1992.

Richard L. Alban, Nampa, ID, for debtors.

Kenneth R. Arment, Boise, ID, for Zions First Nat. Bank.

Bernie Rakozy, Trustee.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

Zions First National Bank ("Bank"), a secured creditor of Bret and Melinda Parker ("debtors") moves for the valuation of the Bank's security interest. The Bank filed a proof of claim alleging a secured amount greater than that set forth in the debtors' confirmed Chapter 13 plan.

The facts surrounding the present controversy are as follows. The Bank has a security interest in the debtors' 1989 Chev-rolet Astro van ("van"). On March 19, 1992, the debtors filed a chapter 13 petition. The debtors' submitted their Chapter 13 plan on April 8, 1992; the plan provided the Bank had a secured claim in the amount of $8,700 (the value of the van), the remainder of the debt being unsecured. On April 20, 1992, the Bank filed a timely proof of claim alleging a secured claim of $12,955.00 and an unsecured claim of $4,999.43.

The debtors objected to the Bank's proof of claim on August 25, 1992. This notice apparently provided the Bank had to request a hearing within 20 days, or the debtors would request an order in their favor without further notice or hearing. The debtors' plan was confirmed on September 2, 1992. On September 9, 1992, within the 20 day period set out in the debtors' objection to the claim, the Bank filed a "Request for Hearing and Objection to Plan Treatment."

The debtors contend the confirmation of their Chapter 13 plan renders the amount of the Bank's secured claim *res judicata*, and forecloses the Bank from asserting any different amount through its proof of claim. The Bank argues a confirmed plan can have no effect upon its security interest. Moreover, the Bank contends, the debtors' objection to the proof of claim should have been heard prior to confirmation, and their failure to so schedule such a hearing binds them to the values asserted by the Bank in its claim.

The first issue regards the *res judicata* effect upon a secured proof of claim of the confirmation of a Chapter 13 plan. Section 1327 provides that a confirmed plan is binding upon the debtor and all creditors, whether or not the creditor has accepted or rejected the plan.[1] However, this appears to conflict with the provisions of section 502, stating that a proof of claim is deemed allowed unless an objection is filed.[2]

---

1. In its relevant part, section 1327 provides: (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a).

2. Section 502(a) provides:

 In her concurring opinion in *Fireman's Fund Mortgage Corp. v. Hobdy (In re Hobdy)*, 130 B.R. 318, 321 (9th Cir. B.A.P.1991), Judge Perris proposes the proper reconciliation of this conflict. "Sections 502(a) and 1327(a) may be harmonized by interpreting § 1327(a) as dictating that the plan binds the parties to the amount the trustee will distribute under the plan, but is not binding as to the amount of the claim." *Hobdy, supra,* 130 B.R. at 322. A Chapter 13 plan containing terms inconsistent with Title 11 cannot be confirmed;[3] it is inconsistent with section 502(a) and Fed. R.Bankr.P. 3007, regarding allowance of and objection to claims, if a plan effectively determines the amount of the secured claim. *Hobdy, supra,* 130 B.R. at 322 (Perris, J., concurring).

 While *Hobdy* differs from the situation here in that the *Hobdy* debtor never objected to the proof of claim, it nonetheless precludes the debtors from resting upon confirmation of their Chapter 13 plan. The *Hobdy* reconciliation requires that all of the statutory elements of the allowance and disallowance of claims must be applied before a secured creditor's lien may be "crammed down." The *res judicata* effect of a Chapter 13 plan can no more act to bind the creditor in an objection to its proof of claim than it could if no such objection were filed.

 The Bank is correct in its assertion that the debtors' objection to its proof of claim is untimely. Under section 506(a), the hearing on valuation of an allowed secured claim must be held contemporaneous with, or prior to, confirmation of a Chapter 13 plan.[4] This Court has confirmed that interpretation of section 506.[5] Consequently, the debtors' objection to the proof of claim is untimely, and the Bank's claim will be deemed allowed in the amounts set forth in its proof of claim.

A separate order will be entered.

---

A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.
11 U.S.C. § 502(a).

3. 11 U.S.C. § 1322(b)(10).

4. Section 506 provides in its relevant part:
   (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. *Such value shall be determined* in light of the purpose of the valuation and of the proposed disposition or use of such property, and *in conjunction with any hearing* on such disposition or use or *on a plan affecting such creditor's interest.*
   11 U.S.C. § 506(a) (emphasis added).

5. *In re Ellefson,* 89 I.B.C.R. 282, 283 (Bankr.D.Idaho 1989). *See also Simmons v. Savell (In re Simmons),* 765 F.2d 547, 553–54 (5th Cir.1985).