In re Franklin **GOLDBERG**, Debtor.

Franklin **GOLDBERG**, Appellant,

v.

**BANK OF ALEX BROWN**, a California Banking Corp., Appellee.

BAP No. EC–93–1873–RJH.

Bankruptcy No. 988–02323.

Adv. No. 989–0013.

United States Bankruptcy Appellate Panel, of the Ninth Circuit.

Argued and Submitted May 18, 1994.

Decided June 16, 1994.

another from an escrow company. The escrow company issued their refund check by mistake. The debtor deposited both checks. The appellee sought imposition of a constructive trust on the debtor's subsequently purchased home based on the mistaken check. The bankruptcy court imposed a constructive trust on the residence. The debtor appeals. We AFFIRM.

## I. FACTS

In February 1987, the appellant, Franklin Goldberg and his wife, Juna Goldberg ("Goldbergs") entered into a contract with Citation Homes ("Citation") to purchase a residence in Stockton, California. The Goldbergs made a $17,000 down payment which was initially held in escrow by Stewart Title ("Stewart"). The Goldbergs failed to obtain financing and the sale was canceled.

Both Stewart and Citation issued full refund checks to the Goldbergs for the $17,000 down payment. On April 16, 1987, Stewart issued a $17,056.47 check. Two weeks later, on April 28, 1987, Citation issued a $17,016.47 check. Stewart's refund check was issued by mistake. Stewart attempted to stop payment, but the Goldbergs had already been paid on the check. Stewart assigned its rights against the Goldbergs to the appellee, Bank of Alex Brown ("Bank").[1]

The proceeds from the Stewart refund check were the subject of conflicting and confusing evidence.[2] However four months later, the Goldbergs purchased a home in Stockton making a down payment of $15,000.

On February 29, 1988, the bank filed a complaint in state court to recover the refund and impose a constructive trust. The Goldbergs failed to appear or defend the action, and a default was entered. However, before the bank applied for a default judgment, Franklin Goldberg filed a Chapter 13 [3] petition. Subsequently, the bank obtained a default judgment for the amount of the check

Dan Nelson, Stockton, CA, for debtor/appellant.

Ken R. Whittall–Scherfee and Bradley S. Towne, Sacramento, CA, for appellee.

Before RUSSELL, JONES, and HAGAN, Bankruptcy Judges.

*OPINION*

RUSSELL, Bankruptcy Judge:

The debtor and his wife received two refund checks, one from a real estate seller and

1. Although served, no answers were filed nor appearances made by Juna Goldberg or by the Chapter 13 trustee. The bankruptcy court implied from the Bank's trial presentation and brief that the Bank intended to proceed only against Franklin Goldberg. *In re Goldberg,* 158 B.R. 188, 191 (Bankr.E.D.Cal.1993).

2. *See Goldberg,* 158 B.R. at 191.

3. Unless otherwise indicated, all Chapter, Section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

plus interest and costs, but the judgment was void due to the automatic stay.

On February 7, 1989, the bank filed a complaint to determine dischargeability [4], for violation of a trust, and for declaratory relief. On September 17, 1990, a trial was conducted and the bankruptcy court submitted the matter under advisement. Over two and one-half years later, the bankruptcy court ruled in favor of the bank, imposing a $15,000 constructive trust on the Goldbergs' residence from the date of the Goldbergs' investment of the funds into the residence.

Franklin Goldberg timely filed his notice of appeal.

## II. ISSUE

Whether the bankruptcy court abused its discretion in imposing a constructive trust on the Goldbergs' subsequently purchased home.

## III. STANDARD OF REVIEW

■ Since a bankruptcy court is a federal court, it "has broad equitable remedial powers." *Stone v. City & County of San Francisco,* 968 F.2d 850, 861 (9th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1050, 122 L.Ed.2d 358 (1993) (citing *Swann v. Charlotte–Mecklenburg Bd. of Educ.,* 402 U.S. 1, 15, 91 S.Ct. 1267, 1276, 28 L.Ed.2d 554, *reh'g denied,* 403 U.S. 912, 91 S.Ct. 2200, 29 L.Ed.2d 689 (1971)). "The court's choice of remedies is reviewed for an abuse of discretion." *Stone,* 968 F.2d at 861 (citing *Hoptowit v. Ray,* 682 F.2d 1237, 1245–46 (9th Cir. 1982)); *Voest–Alpine Trading USA Corp. v. Vantage Steel Corp.,* 919 F.2d 206, 211 (3d Cir.1990) (trial court did not exceed discretion by imposing constructive trust).

■ Under this standard, " 'a reviewing court cannot reverse unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " *In re Pace,* 159 B.R. 890,

897 (9th Cir. BAP 1993) (quoting *In re Bradford,* 112 B.R. 347, 351 (9th Cir. BAP 1990)).

## IV. DISCUSSION

■ A " '[c]onstructive trust is an equitable remedy [imposed] to prevent unjust enrichment and enforce restitution, under which one who wrongfully acquires property of another holds it involuntarily as a constructive trustee, and the trust extends to property acquired in exchange for that wrongfully taken.' " *Pacific Lumber Co. v. Superior Court,* 226 Cal.App.3d 371, 376–77, 276 Cal.Rptr. 425, 428 (1990) (quoting *Coppinger v. Superior Court,* 134 Cal.App.3d 883, 891, 185 Cal.Rptr. 24, 29 (1982)) (citations omitted).

California has codified general principles for imposition and recognition of constructive trusts in California Civil Code §§ 2223 and 2224. Section 2223 provides that "[o]ne who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner." Cal.Civ.Code § 2223 (West Supp.1994). Section 2224 provides that "[o]ne who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." Cal.Civ.Code § 2224 (West Supp.1994).

■ The wrongful act giving rise to a constructive trust need not amount to fraud or intentional misrepresentation. All that must be shown is that the acquisition of the property was wrongful and that the defendant's keeping of the property would constitute unjust enrichment. *Martin v. Kehl,* 145 Cal.App.3d 228, 238, 193 Cal.Rptr. 312, 317 (1983). The party seeking a constructive trust remedy has the burden of showing by clear and convincing evidence that it is entitled to the relief sought. *See Taylor v. Polackwich,* 145 Cal.App.3d 1014, 1022, 194 Cal. Rptr. 8, 13 (1983).

The court below stated that it "cannot determine that the check proceeds were di-

---

4. Clearly, this type of debt would be nondischargeable in a Chapter 7 liquidation or a reorganization under Chapter 11. *See* 11 U.S.C. § 523(a). However, in a Chapter 13 case, the debt would be dischargeable under § 1328(a). In fact, the bank dismissed this cause of action prior to trial. *Goldberg,* 158 B.R. at 191.

rectly and specifically used to purchase the residence...." *Goldberg,* 158 B.R. at 194. However, the bankruptcy court also stated that "the court is satisfied ... that [the] Bank has established by clear and convincing evidence that Mr. Goldberg commingled the proceeds into existing bank accounts that were later drawn upon to make a $15,000 down payment on his current residence." *Id.*

■ It is ordinarily presumed that the trustee acts lawfully, withdrawing his own money and leaving the trust funds intact. This presumption has been held inapplicable to acts of a wrongdoer sued as a constructive trustee. *People v. California Safe Deposit & Trust Co.,* 175 Cal. 756, 760, 167 P. 388, 389 (1917). In addition, the presumption will not be applied to the disadvantage of the beneficiary. *Mitchell v. Dunn,* 211 Cal. 129, 134, 294 P. 386, 388 (1930).

In *Mitchell,* the trustee purchased certain real property in her own name with a check drawn on the trust account. Later she replaced the sum taken, and subsequently dissipated the entire estate. The effect of the ordinary presumption would be to deprive the beneficiary of the real property purchased with the money originally withdrawn, and the court therefore held it inapplicable, permitting him to take the property.

The Ninth Circuit has stated that when a constructive trustee purchases property with commingled funds, the trust attaches to the substituted form in which the money is retained. *Republic Supply Co. of Calif. v. Richfield Oil Co.,* 79 F.2d 375, 378 (9th Cir. 1935) (citing *In re Oatway,* 2 Ch. 356, 360 (Ch.Div'l Ct.1903). *See also* G. Bogert & G. Bogert, *The Law of Trusts and Trustees* § 928 (rev. 2d ed. 1982); Restatement of Restitution § 210 (1937) (beneficiary entitled to equitable lien on investment to secure reimbursement).

Franklin Goldberg argues that the Bank has failed to prove that he obtained funds through fraudulent conduct based on his reading of *California Safe Deposit.* We disagree with his reading. Such a narrow reading would be in conflict with California Civil Code § 2224 which legislatively provides for constructive trusts. In particular, Civil Code § 2224 imposes a constructive trust on

"things obtained by fraud, *accident, mistake, undue influence, the violation of a trust, or other wrongful act.*" Cal.Civ.Code § 2224 (West Supp.1994) (emphasis added). We refuse to read *California Safe Deposit* as only applying to fraudulent conduct. *See Unicom Computer Corp.,* 13 F.3d 321, 325 (9th Cir. 1994) ("California law provides for the imposition of a constructive trust in a situation involving simple negligence on the part of a debtor who wrongfully detains another's property"); 11 B.E. Witkin, *Summary of California Law: Trusts,* §§ 305(2), 306(2) (9th ed. 1990).

■ Franklin Goldberg also argues that in cases of insolvency, the Bank must prove strict tracing, which was not possible according to the bankruptcy court. Generally, it is true that where a constructive trust is sought to be imposed against the property of an insolvent debtor, strict tracing is required. The purpose of this rule is to treat all creditors equally. *See In re Esgro, Inc.,* 645 F.2d 794, 797–98 (9th Cir.1981). However, it is not an abuse of discretion to allow liberal tracing when no creditors will be harmed.

■ In this case, the bankruptcy court found that there will be no harm to any creditors. The bankruptcy court correctly stated:

In this case, Mr. Goldberg's schedules show he has claimed $45,000 equity in his residence as exempt under California law. The evidence is that $15,000 of that equity came from Mr. Goldberg's commingled accounts and is subject to [the] Bank's constructive trust under liberal tracing rules.... [B]ecause the commingled funds have been invested in an exempt asset, unsecured creditors would have no claim to the product of the commingled account. Under this scenario, rather than protecting all creditors and ensuring pro-rata sharing of assets, Mr. Goldberg would be the sole benefactor of his having commingled the mistakenly issued check funds with his own.

*Goldberg,* 158 B.R. at 196.

More specifically, the bankruptcy court concluded:

Mr. Goldberg initially held the refund check as [an] involuntary trustee for [the]

Bank's benefit. Proceeds of the check were commingled with personal funds in Mr. Goldberg's accounts. A residence was purchased using funds from these accounts. The accounts were then dissipated by Mr. Goldberg for personal uses. Under these facts, the court cannot accept Mr. Goldberg's claim that his residence was bought with personal funds while his personal expenses were paid with funds subject to [the] Bank's constructive trust.

*Id.* at 195.

We hold that the imposition of a constructive trust on the real property was not an abuse of discretion, since the Bank adequately traced its interest in the real property. *See Mitchell,* 211 Cal. at 136–37, 294 P. at 389.

## V. CONCLUSION

Since we are not left with a definite and firm conviction that the bankruptcy court has committed a clear error of judgment in imposing the constructive trust on the real property, the judgment of the bankruptcy court is AFFIRMED.