### In re Nancy Oliver ECHEVARRIA.

### DORAL MORTGAGE CORPORATION, Plaintiff–Appellant,

v.

### Nancy Oliver ECHEVARRIA, Defendant–Appellee.

### BAP No. PR 96–030.

United States Bankruptcy Appellate Panels of the First Circuit.

Sept. 9, 1997.

186

Ronald L. Rosenbaum, San Juan, PR, on brief for appellant.

William Davila De Pedro, Hato Rey, PR, on brief for appellee.

Before VOTOLATO, Chief Judge, and KENNER and VAUGHN, Bankruptcy Judges.

PER CURIAM.

Doral Mortgage Corporation ("Doral") appeals the ruling of the bankruptcy court that Doral's claim, which was paid through the Chapter 13 plan, was discharged by the order of discharge dated September 29, 1995. At issue is whether Doral is entitled to interest on its claim. The Bankruptcy Appellate Panel has jurisdiction over this appeal pursuant to 28 U.S.C. § 158. We review findings of fact for clear error and conclusions of law are reviewed *de novo*. Fed. R. Bankr.P. 8013; *Piccicuto v. Dwyer,* 39 F.3d 37, 40 (1st Cir.1994). Finding no reversible error, we affirm.

## FACTS

The relevant facts are not in dispute. On March 15, 1990, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code, and Doral filed a secured proof of claim stating: "This claim consists of $11,218.31 in principal amount and $_____ in addition charges." Under "Total Amount Claimed," the figure $11,218.31 appears.

In October 1990, the Debtor filed her second amended plan which included the language: "Doral Mortgage 2nd Mort. No. 2916338 ($11,218.31) plus interest ($1,000). The secured creditor will be paid through the plan." Second Amended Plan, Paragraph 2(b). The plan also stated that the secured creditor would retain its lien. On August 10, 1990, Doral filed a motion to dismiss and objection to confirmation of the original plan. At the hearing on confirmation in light of the amended plan, Doral withdrew its motion and objection, and the plan was confirmed, as filed, on October 31, 1990.

On June 5, 1991, Doral filed a motion to dismiss, alleging a postpetition three month arrearage. This motion was denied on July 31, 1991. On May 27, 1994, Doral filed another motion to dismiss, alleging a twenty-seven month postpetition arrearage. The Court issued an order stating that "unless evidence of payment of all arrears is filed by 9/15/94 case is dismissed w/out a hrg. and clerk will enter a judgment accordingly." The case was not dismissed. Rather, on August 24, 1995, the Chapter 13 trustee filed a final report and account, and on September 29, 1995, a discharge order issued and the case was closed.

In March 1996, Doral initiated collection efforts against the Debtor to recover $5,511.67, the difference between what Doral received under the Chapter 13 plan and the interest allegedly accrued during the plan period. Debtor's counsel reminded Doral that the debt had been discharged and that Doral should stop all collection efforts, and on May 23, 1996, he filed a motion requesting relief from Doral's collection efforts. The bankruptcy court reopened the case and on July 30, 1996 issued an order finding Doral's claim discharged and enjoining Doral from

further collection efforts. Doral now appeals from that order.

## DISCUSSION

■ Doral states the issue as follows:

Whether a secured residential mortgage lender whose claim was not objected to thru objection to claim or adversary proceeding, but whose claim was paid under the plan retains its lien so that it may collect *in rem* additional amounts due which were not due at the time the proof of claim was filed.

Under the facts of this case, however, we believe that the issue is more properly framed as follows:

Does a secured creditor who filed a secured proof of claim for a sum certain, without provision for additional interest or charges, who participated in the Chapter 13 case without objection to the plan as confirmed, and who waited for the completion of the plan payments before asserting a claim for interest, have an *in rem* claim for interest?

We find that the answer is clearly "No."

■ As background, we note that a discharge extinguishes only *in personam* claims; it generally has no effect on *in rem* claims against property. *Cen–Pen Corp. v. Hanson,* 58 F.3d 89, 92 (4th Cir.1995) (citing *Johnson v. Home State Bank,* 501 U.S. 78, 84, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991)), and that to extinguish or modify a lien during the bankruptcy process, the debtor must take some affirmative step toward that end. *Cen–Pen Corp.* 58 F.3d at 92 (citations omitted).

Doral relies on a number of cases, particularly, *Simmons v. Savell (In re Simmons),* 765 F.2d 547 (5th Cir.1985). The instant case, however, is easily distinguished from *Simmons.* First, in *Simmons* the plan treated the creditor's claim differently than what was required by the proof of claim, i.e., the creditor filed a secured proof of claim, but the plan treated the debt as unsecured, and made no provision for retention of the lien. Also, the debtor in *Simmons* never formally objected to the secured claim and thus had no basis for treating the claim as unsecured.

In this case, the Debtor had no reason to object to the claim, as she was paying Doral's claim in full, as filed. Thus, unlike *Simmons,* the Debtor's plan treated Doral's claim as secured, provided for the retention of Doral's lien, and, finally, provided that Doral's claim would be paid in full, including $1,000 in interest.

Doral's other cases are also distinguishable. In *Cen–Pen Corp. v. Hanson,* 58 F.3d 89 (4th Cir.1995), the court of appeals affirmed a district court ruling that the Chapter 13 debtors' interest in their residence remained subject to a lien, despite a plan provision that liens would be void if the secured creditor did not file a proof of claim. *Hanson* is inapposite since the secured creditor did not file a proof of claim.

In *In re Parker,* 148 B.R. 604 (Bankr.D.Idaho 1992), and *Fireman's Fund Mortgage Corp. v. Hobdy (In re Hobdy),* 130 B.R. 318 (9th Cir. BAP 1991), the debtors treated secured creditors differently under the plan than as required by the proofs of claim. The creditor in *Parker* filed a secured proof of claim in the amount of $12,995, and an unsecured claim of $4,999.43. The plan, which provided the bank with a secured claim of $8,700, the value of the van, was confirmed before the hearing on the objection to the claim, and the court held that the plan was not binding on the secured creditor and allowed the claim as filed. In *Hobdy,* the secured creditor filed a proof of claim listing a prepetition mortgage arrearage of $36,787.55, which was reduced in the plan to $4,532. The debtor did not file a formal objection to the claim. The court held that the plan as confirmed violated the secured creditor's due process rights by reducing its claim without notice and a hearing. The Debtor in this case treated Doral in accordance with its proof of claim.

In *In re Glow,* 111 B.R. 209 (Bankr. N.D.Ind.1990), the secured creditor filed an untimely proof of claim, to which the Chapter 13 debtor objected. The court disallowed the claim as untimely and ruled that the *in personam* indebtedness would be discharged. The court found that the lien survived, however, because the confirmed plan did not propose to treat, provide for, or avoid liens.

Again, the facts of *Glow* are easily distinguishable from the case before us.

As did the court below, we find the Seventh Circuit's analysis in *In re Chappell*, 984 F.2d 775 (7th Cir.1993), compelling. There is a strong similarity between that case and the one at bench. In *Chappell*, the debtors listed a secured claim of $20,661.20, the principal amount due on a second mortgage. The secured creditor filed an amended proof of claim in the amount of $20,661.20 with no separate claim for interest. The plan provided for the payment of $20,661.20 during the term of the plan, despite the fact that under the original note the final payment was not due until August 1, 2009. Approximately one year after the plan was confirmed, the secured creditor's attorney wrote to the debtors' attorney about the payment of interest, but he received no written response. After several more letters with no response, the creditor took no further action. After completion of the plan and the closing of the case, however, the secured creditor brought a foreclosure action based on the debtors' failure to pay interest which allegedly accrued during the plan. Both parties sought relief in the bankruptcy court.

The Seventh Circuit Court of Appeals held that the provisions of 11 U.S.C. § 1322(b)(5) are discretionary and that a debtor could either utilize them or provide for payment in full under the plan. The Court also held that whatever rights the secured creditor had to interest under 11 U.S.C. § 506(b), were waived by remaining silent until the plan was completed. The court indicated in a footnote that it did not have to reach the issue of whether the secured creditor waived any rights under section 506(b) by failing to include a claim for interest in its proof of claim.

The court further explained that pursuant to 11 U.S.C. § 1327(a), a confirmed Chapter 13 plan binds creditors to its terms. "As a general rule, the failure to raise an 'objection at the confirmation hearing or to appeal from the order of confirmation should preclude ... attack on the plan or any provisions thereof as illegal in a subsequent hearing.'" *Id.* at 782 (quoting *In re Gregory*, 705 F.2d 1118, 1121 (9th Cir.1983) (other citations omitted)). Because the secured creditor had

ample opportunity to object to its treatment under the plan and failed to do so, it was barred thereafter from seeking interest on its mortgage. The Seventh Circuit also noted that there was no evidence of a scheme by the debtor to defraud the secured creditor.

The *Chappell* court's reasoning is fully applicable to this case. There is no allegation of any scheme to defraud here, and Doral's proof of claim was dealt with in the plan, which provided for interest of $1,000 even though none was claimed. Since Doral never objected to its treatment under the plan it lost any right it had to collect interest. For these reasons, we AFFIRM the bankruptcy court's order denying Doral's *in rem* claim for interest.