## In re CRYSTAL SANDS PROPERTIES, Debtor.

## Al BENTLEY, et al., Appellants,

## v.

## BANK OF CORONADO, et al., Appellees.

**BAP No. SC 86–2002 JAsMo.**

**Bankruptcy Nos. 84–00786–P11, C84–0236–P11.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Sept. 16, 1987.

Decided March 31, 1988.

---

Michael G. Dawe, Irvine, Cal., for appellants.

Richard E. Gattis, San Diego, Cal., for appellees.

1. Upon the death of Judge Elliott, the Clerk assigned Judge Mooreman to the Panel. Judge Mooreman has reviewed the record and has

Before JONES, ASHLAND and MOOREMAN, Bankruptcy Judges.[1]

## OPINION

JONES, Bankruptcy Judge:

The plaintiffs below appeal the trial court's order granting summary judgment in favor of the defendants. We conclude that we lack jurisdiction over this appeal and therefore dismiss.

## FACTS

The facts relevant to our disposition are as follows: On July 24, 1986, defendants Bank of Coronado ("Bank") and Hugo Rivera ("Rivera") moved for summary judgment in the underlying adversary proceeding. At a hearing on August 8, the court orally granted the motion. On October 14, prior to entry of the order granting summary judgment, plaintiff Crystal Sands Properties ("Crystal Sands") filed a "Motion for Reconsideration" of that order. The order granting summary judgment was entered on the docket on October 21 and on October 28, Crystal Sands filed a notice of appeal from the order. At a hearing on November 11, the court denied the motion for reconsideration. Finally, on December 3, an order denying the motion for reconsideration was entered. In addition, a judgment in favor of Rivera and the Bank was entered. No new notice of appeal was filed.

## DISCUSSION

At the outset, we note that a motions panel of this court has previously denied the appellees' motion to dismiss this appeal on the grounds we now consider. We are not bound by that ruling, however. *See In re Commercial Western Finance Corp.,* 761 F.2d 1329, 1332 n. 6 (9th Cir. 1985). Moreover, the instant matter concerns our jurisdiction. An alleged lack of subject matter jurisdiction may be raised by a party or by the court sua sponte at

determined that no further argument would be of assistance.

any time. *See In re Ryther*, 799 F.2d 1412, 1414 (9th Cir.1986). A judgment entered by a court without jurisdiction is void. *See Jones v. Giles*, 741 F.2d 245 (9th Cir.1984). We therefore must assure ourselves that we have jurisdiction over this appeal before we proceed. *Ryther*, 799 F.2d at 1414.

■ An appellate court has jurisdiction to hear an appeal only when a timely notice of appeal has been filed. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982). Under Bankruptcy Rule 8002(a), a notice of appeal must be filed within ten days after entry of the order appealed. Bankruptcy Rule 8002(b) ("Rule 8001(b)"), however, tolls the time for filing a notice of appeal when certain motions are timely filed. Rule 8002(b) provides:

> (b) *Effect of Motion on Time for Appeal.* If a timely motion is filed by any party: (1) for judgment notwithstanding the verdict under Rule 9015; (2) under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 9023 to alter or amend the judgment; or (4) under Rule 9023 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect; a new notice of appeal must be filed. No additional fees shall be required for such filing.

Rule 8002(b) is adopted from Rule 4(a)(4), Fed.R.App.P. ("Rule 4(a)(4)"), and is "essentially the same as that rule." Advisory Committee Note to Rule 8002(b) (1983).[2] In light of the similarity between the rules, the Ninth Circuit has concluded that "we should construe Bankruptcy Rule 802 [now 8002] in the same manner as we do Appellate Rule 4(a)." *In re The Brickyard*, 735 F.2d 1154, 1156 (9th Cir.1984). Accordingly, in construing Rule 8002(b), we look to the Supreme Court's interpretation of Rule 4(a)(4) in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400.

■ In *Griggs*, the order appealed from was entered on November 5, 1981. On November 12, a motion to alter or amend the judgment was filed and on November 19 a notice of appeal was filed. The motion to alter or amend was then denied on November 23. Notwithstanding the language of Rule 4(a)(4), the Third Circuit Court of Appeals accepted jurisdiction over the appeal and reversed the trial court's judgment. *Id.* at 57–58, 103 S.Ct. at 401–02. The Supreme Court reversed, concluding that because no valid notice of appeal had been filed, the appellate court lacked jurisdiction. The Court stated:

> Professor Moore has aptly described the ... effect of a [motion to alter or amend] on a previously filed notice of appeal: "The appeal simply self-destructs." 9 J. Moore, B. Ward, & J. Lucas, Moore's Federal Practice ¶ 204.12[1], p. 4–65, n. 17 (1982). Moreover, a subsequent notice of appeal is also ineffective if it is filed while a timely [motion to alter or amend] is still pending.

459 U.S. at 61, 103 S.Ct. at 403 (citation omitted). The Court rejected the view of the Third Circuit that appellate courts had discretion to waive defects in a premature notice of appeal:

> The notice of appeal filed in this case ... was not merely defective; it was a nullity. Under the plain language of the current Rule, a premature notice of appeal "shall have no effect"; a new notice of appeal "must be filed." In short, it is as if no notice of appeal were filed at all. And if no notice of appeal is filed at all, the Court of Appeals lacks jurisdiction to act.

*Id. Accord Brodigan v. McCormack*, 704 F.2d 1073, 1074 (9th Cir.1983).

Applying Rule 8002(b), as interpreted in *Griggs*, to the facts presented here, we conclude that Crystal Sands' notice of appeal was a nullity and that we therefore lack jurisdiction to consider the instant ap-

---

**2.** The rules are identical except Rule 8002(b) refers to Bankruptcy Rules governing post-judg-ment motions whereas Rule 4(a)(4) refers to the relevant Federal Rules of Civil Procedure.

peal. Crystal Sands' notice of appeal was filed prior to disposition of its motion for reconsideration.[3] Therefore, under the plain language of Rule 8002(b) the notice of appeal was of no effect; Crystal Sands was obligated to file a new notice of appeal within ten days after entry of the order disposing of the motion. Because no new notice of appeal was filed, "it is as if no notice of appeal were filed at all." *Griggs,* 459 U.S. at 61, 103 S.Ct. at 403.

Finally, we note that the instant decision is at odds with this Court's decision in *In re Hudson,* 73 B.R. 649 (9th Cir. BAP 1987). There, we held that "[a] new notice of appeal is not required except where the court changes rights and obligations by the modified order." *Id.* at 651 (citing *FTC v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 73 S.Ct. 245, 97 L.Ed. 245 (1952)). In light of *Griggs,* the *Hudson* holding is incorrect and, to the extent it is inconsistent with the instant decision, it is hereby overruled. In this and all future cases, we will follow the rule announced in *Griggs* that if a notice of appeal is filed prior to the disposition of a timely filed motion of the type listed in Rule 8002(b), a new notice of appeal must be filed within ten days after entry of the order disposing of the motion. *See Firestone Tire and Rubber Co. v. Risjord,* 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981) (jurisdictional ruling may not be prospective only).

Accordingly, the instant appeal is hereby ordered DISMISSED.

---

3. Crystal Sands' motion was filed prior to entry of the order granting summary judgment against it. Such a motion is considered timely filed for Rule 4(a)(4) purposes unless the final order or judgment is intended as a denial of all pending motions. *See Calculators Hawaii, Inc. v. Brandt, Inc.,* 724 F.2d 1332, 1335 (9th Cir. 1983). Where, after entry of the order appealed, the trial court formally considers and rules upon the motion, it is not deemed denied by entry of the order appealed. *See id.; Director of Revenue, State of Colo. v. United States,* 392 F.2d 307, 310 (10th Cir.1968). Here, after the order granting summary judgment was entered, the court separately considered and denied the motion for reconsideration. Accordingly, the order granting summary judgment did not implicitly deny the motion for reconsideration.

We further note that a "motion for reconsideration" is not among those listed in Rule 8002(b). In the Ninth Circuit, however, it is well settled that a timely filed motion for reconsideration is treated as a motion to amend a judgment. *See Bestran Corp. v. Eagle Comtronics, Inc.,* 720 F.2d 1019 (9th Cir.1983); *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983); *Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc.,* 690 F.2d 1240, 1248 (9th Cir.1982), *cert. denied,* 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983); *In re Branding Iron Steak House,* 536 F.2d 299, 301 (9th Cir.1976); *In re Curry and Sorensen, Inc.,* 57 B.R. 824, 827 (9th Cir. BAP 1986). *See also Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 668 (5th Cir.) (en banc), *cert. denied,* — U.S. —, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986) (establishing brightline test that motions within scope of F.R.C.P. 59(e) and served within 10 day time period must be treated as motions to alter or amend judgment).