**In re Margaret Philomena DAILY, Debtor.**

**FEDERAL DEPOSIT INSURANCE CORP., Plaintiff,**

v.

**Margaret Philomena DAILY, Defendant.**

Bankruptcy No. 84–00590.
Adv. No. 89–0039.

United States Bankruptcy Court, D. Hawaii.

March 26, 1991.

Jerrold K. Guben, Honolulu, Hawaii, for plaintiff.

Enver W. Painter, Honolulu, Hawaii, for defendant and debtor.

## MEMORANDUM DECISION AND ORDER RE: MOTION FOR RECONSIDERATION

JON J. CHINEN, Bankruptcy Judge.

On August 24, 1990, a hearing was held on the Motion to Dismiss Adversary Proceeding No. 85–0133 filed by Margaret Daily ("Ms. Daily"), at which hearing Enver W. Painter, Jr., Esq. represented Ms. Daily and Jerrold K. Guben, Esq., represented the Federal Deposit Insurance Corporation ("FDIC"). At the conclusion of the hearing when the Court granted the Motion to Dismiss Adversary Proceeding No. 85–0133, Mr. Guben inquired as to the effect of such dismissal on FDIC's identical but subsequently filed complaint against Ms. Daily, Adv.Pro. No. 89–0039. The Court then requested memorandum from counsel by August 29, 1991. The Court issued its Findings of Fact and Conclusions of Law on January 17, 1991 and Ms. Daily filed her Motion for Reconsideration on the same day, 124 B.R. 325 with FDIC filing a memorandum in opposition on January 29, 1991. Subsequent thereto, Mr. Painter has requested that the Court defer its ruling until he is able to obtain and file both the transcript for the August 24, 1990 hearing and a copy of the docket sheet for Case No. 83–2480 filed in the Kansas District Court against Sammy S. Daily and Margaret P. Daily. FDIC objects to the introduction of the docket sheet arguing that the docket sheet was available prior to and at the time of the August 24, 1990 hearing. The transcript has not yet been received.

In reviewing its Findings of Fact and Conclusions of Law and Order denying dismissal of FDIC's second complaint, Adv. No. 89–0039, the Court notices that no case had been cited from the Ninth Circuit Court. As a result, the Court has researched further into the matter and has discovered a case from the Ninth Circuit that is controlling.

In the case of *Mondakota Gas Company v. Reed,* 244 F.Supp. 327, 332 (1965), the District Court stated in pertinent part:

> In cause No. 1557 in this court, the plaintiff Mondakota Gas Company instituted an action against E.L. McElroy, et al., to set aside the assignment of the oil and gas lease. That action was commenced November 4, 1953, and was dismissed for lack of prosecution on October 11, 1961. Such dismissal for want of prosecution is an adjudication on the merits under the provisions of Rule 41(b) of the Federal Rules of Civil Procedure. That action, No. 1557, is res judicata on the question of the validity of the assignment from Mondakota Gas Co. to E.L. McElroy and the plaintiff cannot relitigate that issue in this case.

The above-case was affirmed by the Ninth Circuit Court in *S–W Company v. Fidelity Gas Co.,* 349 F.2d 1020 (9th Cir.1965), wherein it stated that the judgment is affirmed for the reason stated in the opinion of the district court.

And, the United States Supreme Court has also held a dismissal for failure to prosecute should bar a subsequent action. In *Costello v. United States,* 365 U.S. 265, 286, 81 S.Ct. 534, 545, 5 L.Ed.2d 551 (1961), the Supreme Court stated in pertinent part:

> All of the dismissals enumerated in Rule 41(b) which operate as adjudications on the merits—*failure of the plaintiff to prosecute,* or to comply with the Rules of Civil Procedure, or to comply with an order of the Court, or to present evidence

showing a right to the relief on the facts and the law—primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them. It is therefore logical that a dismissal on one of these grounds should, unless the Court otherwise specifies, bar a subsequent action. (Emphasis added).

In addition to the Ninth Circuit, other circuits have ruled that a dismissal for lack of prosecution under FRCP 41(b) bars a subsequent action.

In *Napier v. Thirty or More Unidentified Fed. Agents*, 855 F.2d 1080 (3rd Cir. 1988), the Court stated:

We further note that even if the 1960 action had not precluded Napier's 1986 action, the dismissal of the 1976 action (which named the VA as a defendant) for failure to prosecute would have precluded the 1986 action. Under Rule 41(b) of the Federal Rules of Civil Procedure, a dismissal for failure to prosecute "operates as an adjudication upon the merits," Fed.R.Civ.P. 41(b), and thus acts as a dismissal with prejudice, barring further action between the parties. *Kimmel v. Texas Commerce Bank*, 817 F.2d 39 (7th Cir.1987) (Rule 41(b) dismissal serves as final judgment on the merits).

The district court was therefore correct in dismissing the complaint against the Veterans Administration on res judicata grounds.

And, in *Kimmel v. Texas Commerce Bank*, 817 F.2d 39 (7th Cir.1987), the Seventh Circuit Court, in pertinent part stated:

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court, upon a defendant's motion, to dismiss an action for failure to prosecute. The rule provides that unless the court in its dismissal order states otherwise, "a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." When the district court dismissed the Kimmels'

first complaint without stating whether the dismissal was on the merits, that dismissal became a final judgment on the merits under Rule 41(b). (Footnote omitted.)

The Kimmels reject this conclusion, arguing that their first suit fell under the Rule 41(b) exception for suits dismissed for lack of jurisdiction. They call our attention to *Costello v. United States*, 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961). In *Costello*, the first action to revoke the defendant's citizenship was dismissed because an affidavit of good cause—a prerequisite to the initiation of denaturalization proceedings—had not been filed with the complaint. The Supreme Court held that the dismissal of the first action was not on the merits, because the Rule 41(b) jurisdictional exception extends to "those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim." *Id.* at 285, 81 S.Ct. at 544.

*Costello*, however, does not help the Kimmels. There was no unfulfilled precondition in their first action that prevented the court's consideration of the substance of the Kimmels' claim. Moreover, in Costello the Court explicitly distinguished dismissals for failure to prosecute, stating that such dismissals properly operate as adjudications on the merits because they "primarily involve situations in which the defendant must incur the inconvenience of preparing to meet the merits because there is no initial bar to the Court's reaching them." *Id.* at 286, 81 S.Ct. at 545. The Kimmels' second complaint is, therefore, barred by the doctrine of res judicata.

Based on the foregoing cases, especially the ruling by the Ninth Circuit Court affirming *Mondakota Gas Company v. Reed*, the Court hereby reconsiders its previous decision and rules that the dismissal of Adv. 85–0133 pursuant to FRCP 41(b), which is made applicable by Bankruptcy Rules 7041, bars FDIC's second complaint,

Adv. No. 89–0039 by doctrine of res judicata.

IT IS SO ORDERED.

## FINAL JUDGMENT OF DISMISSAL

Pursuant to the Memorandum Decision and Order Re: Motion for Reconsideration in the above-entitled case(s),

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this adversary proceeding no. 89–0039 be and hereby is dismissed.