**In re ADVENT MANAGEMENT CORPORATION, Debtor.**

**TAYLOR ASSOCIATES, Appellant,**

v.

**Lawrence A. DIAMANT, Chapter 7 Trustee, Appellee.**

No. 95–55423.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1996.

Decided Jan. 8, 1997.

Neil J. Rubenstein, Arter & Hadden, San Francisco, CA, for appellant.

Gregg D. Lundberg, Robinson, Diamant, Brill & Klausner, Los Angeles, CA, for appellee.

Before: HUG, Chief Judge, and PREGERSON and REINHARDT, Circuit Judges.

PREGERSON, Circuit Judge:

This case presents the issue whether a creditor claiming a constructive trust over commingled funds from a debtor's general account must trace the funds back to the illegal transfer giving rise to the trust. Appellant contends that strict tracing is unnecessary in light of this court's decision in *Mitsui Mfrs. Bank v. Unicom Computer Corp. (In re Unicom Computer Corp.)*, 13 F.3d 321 (9th Cir.1994). The Bankruptcy Appellate Panel of the Ninth Circuit disagreed, holding that bankruptcy precedent and policy continue to require strict tracing of commingled funds. *Taylor Assocs. v. Diamant (In re Advent Mgt. Corp.)*, 178 B.R. 480 (9th Cir.BAP 1995). We affirm.

FACTS

This case involves a three-sided transfer. Appellant Taylor Associates ("Taylor") provided temporary personnel and other services to Coastal Insurance Company ("Coastal"). Coastal transferred most of its income to its parent company, Advent Management Corporation ("Advent"). Some of Coastal's transfers to Advent were legitimate compensation and sales commissions for Advent's administrative and sales support of Coastal. Other transfers were illegal diversions of Coastal funds. Advent commingled all of its receipts from Coastal in Advent's general account. Advent made a number of payments from this general account to Taylor, as compensation for Taylor's services to Coastal. Within a year of Advent's payments to Taylor, Coastal became insolvent and Advent filed for bankruptcy.

Advent's bankruptcy trustee, Appellee Lawrence A. Diamant ("Diamant"), is suing Taylor in bankruptcy court to recover Advent's payments to Taylor. Diamant claims that Advent's payments constituted preferential or fraudulent transfers of the debtor's property avoidable under §§ 547 and 548 of the Bankruptcy Code. 11 U.S.C. §§ 547, 548 (West 1993).

Taylor contends that the payments it received from Advent's general account cannot be preferential or fraudulent transfers of the debtor's property because they were not

transfers of the debtor's property at all. According to Taylor, the funds in Advent's account were never properly owned by Advent. Rather, Advent merely held the funds in constructive trust for Coastal and Coastal's creditors, such as Taylor.

The bankruptcy court rejected Taylor's constructive trust argument. The court granted partial summary judgment to Diamant on the question whether Advent's payments to Taylor constituted transfers of Advent's property, thereby allowing Diamant to proceed to trial on the question whether those transfers were preferential or fraudulent. Taylor filed two motions to reconsider the grant of partial summary judgment. The bankruptcy court denied both motions. The bankruptcy appellate panel granted leave for an interlocutory appeal of the second denial, and affirmed the bankruptcy court.

Taylor now appeals the bankruptcy appellate panel's decision on Taylor's second motion for reconsideration. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(d) (West 1993).

## DISCUSSION

### A. Standard of Review

We review the bankruptcy appellate panel's decision de novo. *Unicom*, 13 F.3d at 323. We apply the same standard of summary judgment review as the bankruptcy court, viewing the evidence in the light most favorable to Taylor to determine whether there are any genuine issues of material fact and whether the relevant substantive law was correctly applied. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir.1996).

### B. Definition of "Interest of the Debtor in Property"

■ Sections 547 and 548 of the Bankruptcy Code permit Diamant to recover certain preferential and fraudulent transfers made in the year before Advent filed for bankruptcy. The reach of §§ 547 and 548 is limited, however, to preferential or fraudulent transfers of "an interest of the debtor in property." 11 U.S.C. §§ 547(b), 548(a).

While the Bankruptcy Code does not define "an interest of the debtor in property,"

the United States Supreme Court has interpreted the term to mean "that property that would have been part of the estate had it not been transferred before the commencement of bankruptcy proceedings." *Begier v. I.R.S.*, 496 U.S. 53, 58, 110 S.Ct. 2258, 2263, 110 L.Ed.2d 46 (1990). Under § 541(d) of the Bankruptcy Code, "property of the estate" includes all property in which the debtor has legal title *except* "to the extent of an equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d) (West 1993).

■ In the case of funds held by a debtor in constructive trust for another person, the equitable interest in the trust funds belongs to the trust beneficiary, not the debtor. Accordingly, this court held in *Unicom* that funds held by a debtor in constructive trust are neither "property of the estate" under § 541(d), nor "an interest of the debtor in property" under § 547(b). *Unicom*, 13 F.3d at 324.

### C. Taylor's Constructive Trust Claims

■ Under California state law, a constructive trust may be imposed on property as a remedy for things "wrongfully detain[ed]," Cal. Civ.Code § 2223 (West Supp. 1996), or "gain[ed] ... by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act," *id.* § 2224. Taylor advances two arguments for why its payments from Advent came from funds held in constructive trust.

■ First, Taylor claims that the payments came from wrongfully diverted Coastal funds which Advent held in constructive trust for *Coastal's* benefit. This claim is without merit. Under California law, Taylor has no right to seek the imposition of a constructive trust on Coastal's behalf. *Sobel Bldg. Dev. Partners v. Broach (In re Sexton)*, 166 B.R. 421, 425 (Bankr.N.D.Cal.1994) (holding that under California law, a constructive trust may be sought only by the equitable owner of the trust res, not by a creditor of the equitable owner).

Second, Taylor claims that the payments came from funds which Advent held in con-

structive trust for *Taylor's* benefit. The evidence presents no genuine issues of material fact or support for this claim, however, even when the evidence is construed in the light most favorable to Taylor.

■ Under the strict tracing standard applicable to bankruptcy cases involving commingled funds, Taylor bears the burden of tracing the alleged trust property "specifically and directly" back to the illegal transfers giving rise to the trust. *Bank of Alex Brown v. Goldberg (In re Goldberg)*, 158 B.R. 188, 196 (Bankr.E.D.Cal.1993), *aff'd*, 168 B.R. 382 (9th Cir. BAP 1994). If Taylor fails to trace the funds, we must presume that the funds constitute "an interest of the debtor in property." *Danning v. Bozek (In re Bullion Reserve of North America)*, 836 F.2d 1214, 1217 (9th Cir.1988) (funds from commingled bank account controlled by debtor presumptively constitute property of debtor's estate).

■ Taylor makes no showing that Advent paid Taylor with wrongfully diverted Coastal funds as opposed to funds that Advent lawfully earned as compensation or commissions from Coastal. Therefore, since the money that Advent paid Taylor came from a commingled bank account under Advent's control, we must adopt the presumption that the payments were made with Advent's property.

Taylor incorrectly argues that it has satisfied all tracing requirements by tracing its payments from Advent back to *any* transfer from Coastal to Advent. Taylor's assertion is inconsistent with the premise that the only money held in constructive trust is that which was *wrongfully* acquired or detained by Advent, whether through negligence, fraud, or other wrongful act. *See* Cal.Civ. Code §§ 2223, 2224; *Unicom*, 13 F.3d at 325 ("California law provides for the imposition of a constructive trust in a situation involving simple negligence on the part of a debtor who wrongfully detains another's property"); *GHK Assocs. v. Mayer Group, Inc.*, 224 Cal. App.3d 856, 878, 274 Cal.Rptr. 168 (1990) ("a constructive trust may be imposed in practically any case where there is a wrongful acquisition or detention of property to which another is entitled") (quoting *Martin v. Kehl*, 145 Cal.App.3d 228, 238, 193 Cal.Rptr. 312 (1983)).

This court's decision in *Unicom* did not lower the standard of tracing, as Taylor contends it did. *Unicom* did not address the issue of tracing except to state that the party claiming a constructive trust in that case had satisfied the tracing requirements set forth in *Esgro* and *Sierra Steel*. *See Unicom*, 13 F.3d at 325 n. 5 (citing *Toys "R" Us v. Esgro Inc. (In re Esgro, Inc.)*, 645 F.2d 794, 797–98 (9th Cir.1981), and *Sierra Steel, Inc. v. S & S Steel Fabrication (In re Sierra Steel, Inc.)*, 96 B.R. 271, 273–74 (9th Cir. BAP 1989)). Both *Esgro* and *Sierra Steel* adhere to the general rule that the creditor bears the burden of tracing commingled funds back to the wrongful act giving rise to the trust. *Esgro*, 645 F.2d at 797–98; *Sierra Steel*, 96 B.R. at 274 & n. 5.

Nor does the finding of a constructive trust in *Unicom* dictate that Taylor prevail in the present case. The facts of the two cases are readily distinguishable. In *Unicom*, the funds in question came from a single check which had been designated for delivery to the creditor, and was mistakenly deposited by the debtor in the debtor's general account. 13 F.3d at 323. The creditor's unquestioned right to the funds, combined with the debtor's negligence in depositing and keeping the funds, justified the imposition of a constructive trust under California law. In the present case, however, Taylor seeks to retain funds that had never been earmarked for Taylor's benefit. Moreover, Taylor has made no showing that Advent wrongfully deposited or kept the particular funds Advent used to pay Taylor.

## CONCLUSION

Our decision in *Unicom* is consistent with the rule that a creditor claiming a constructive trust over commingled funds from a debtor's general account must trace those funds back to the illegal transfer giving rise to the trust. Since Taylor did not trace the funds in this case, we reject Taylor's constructive trust claims. We therefore conclude that the funds paid by Advent to Taylor qualify as "an interest of the debtor in property" under §§ 547 and 548 of the Bankruptcy Code.

The judgment of the bankruptcy appellate panel is AFFIRMED.