In re Salvatore James MARINO; Delores Carmen Marino, Debtors.

Salvatore James MARINO, Appellant,

v.

CLASSIC AUTO REFINISHING, INC., Appellee.

BAP No. CC–96–1326–OHV.
Bankruptcy No. LA 91–76426–BR.
Adv. No. AD 94–02625–BR.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Nov. 20, 1996.

Decided May 30, 1997.

As Amended Oct. 22, 1997.

See also 143 B.R. 728, 37 F.3d 1354.

Nicholas A. Franke, Law Offices of Nicholas A. Franke, Los Angeles, CA, for Salvators and Delores Marino.

Lary Alan Rappaport, McCambridge, Deixler, Marmaro & Goldberg, Los Angeles, CA, for Classic Auto Refinishing, Inc.

Before OLLASON, HAGAN and VOLINN, Bankruptcy Judges.

### AMENDED OPINION

OLLASON, Bankruptcy Judge.

Debtor Salvatore Marino ("Marino") appeals the bankruptcy court's order of nondischargeability of a debt. Marino contends that a creditor's complaint was barred by *res judicata* when it was dismissed as untimely in the Chapter 11 case before the case was converted to Chapter 7.[1] **We Reverse and Remand.**

### STATEMENT OF FACTS

In 1991, Classic Auto Refinishing, Inc. ("Classic Auto") won a favorable judgment in Los Angeles County Superior Court against Marino individually and his wholly owned corporation, Jim Marino Imports, Inc., a Mercedes–Benz dealer, in the amount of $741,000. The state court complaint was based on fraud and breach of contract and sought damages incurred when Marino Imports increased rents and evicted Classic Auto as its landlord.

On May 21, 1991, both Marino and his corporation filed Chapter 11 bankruptcy peti-

tions. The official notice of the creditors' meeting stated that "the last day for filing complaints as provided in 11 U.S.C. Section 523(c), to determine the dischargeability of debts claimed to be nondischargeable under paragraph (2), (4), or (6)" in Marino's Chapter 11 case was September 10, 1991. Although it had notice of the proceedings and the deadline, Classic Auto filed an untimely complaint under § 523(a)(2)(A), (a)(2)(B) and (a)(6) on September 20, 1991, based on the state court judgment, and seeking nondischargeability of the debt of approximately $241,000. (The original judgment of over $700,000 included punitive damages which were disallowed on appeal.) Marino filed an answer to the complaint in October, 1991, that included an affirmative defense stating that the complaint was not timely under § 523(c) and Fed.R.Bankr.P. 4007(c). On November 14, 1991, Marino filed a motion to dismiss the complaint, in which he requested sanctions under Fed.R.Bankr.P. 9011. Following a hearing on December 4, 1991, the bankruptcy court entered an order on December 20, 1991, in which it found that the complaint "was filed after the deadline imposed by Bankruptcy Rule 4007(c)" and in which it dismissed the complaint and the adversary proceeding *"with prejudice* against their reinstitution."  (Emphasis added.) This order was appealed by Classic Auto, and Marino asserted a cross appeal for the denial of his motion for sanctions. The bankruptcy court was affirmed by both the Bankruptcy Appellate Panel ("BAP") and the Ninth Circuit Court of Appeals. *See In re Marino,* 143 B.R. 728 (9th Cir. BAP 1992), *aff'd,* 37 F.3d 1354 (9th Cir.1994).

Marino's case was converted to Chapter 7 on April 27, 1994, and Marino received a discharge on September 21, 1994. On May 20, 1994, however, the bankruptcy court had sent to all creditors a Notice of Commencement of Case under Chapter 7. The notice stated that the deadline for filing complaints to determine dischargeability of a debt was August 22, 1994. On June 8, 1994, Classic Auto filed a nondischargeability complaint

---

1. Unless otherwise indicated, references to "Chapter," "Section/ § " or "Code" are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330; references to "Fed.R.Bankr.P." are to the Federal

Rules of Bankruptcy Procedure 1001–9036, which make applicable certain Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

alleging the same facts and allegations as the complaint filed in the Chapter 11, and filed a first amended complaint on September 12, 1994.

Marino filed a motion for summary judgment on March 8, 1995, on the ground that the complaint was barred by *res judicata* because the first complaint had been dismissed with prejudice. Classic Auto also filed a motion for summary judgment on the same date contending that the debt was nondischargeable based on the state court judgment. A hearing on the motion was held on March 29, 1995. At trial, the court discussed its reasoning for its determination that the doctrine of *res judicata* did not apply to preclude the filing of the complaint in the Chapter 7 case, as follows:

[I]t's pretty obvious Rule 4007 couldn't possibly be res judicata because indeed the fact [sic] have changed.... [I]n this particular case, neither res judicata nor collateral estoppel could possibly apply, because the only issue in the dismissal was whether or not it was timely in the context of the Chapter 11 then pending. Having been converted, in view of the bankruptcy rules, which specifically set a new time limit, couldn't possibly [sic]. There are different issues involved. The issue now is the time limit under Chapter 7, which is totally different than the issue involved in the Chapter 11, so it couldn't possibly, under any definition that I know of, be either res judicata or collateral estoppel, and ... Rule 41 can't change that.

Marino's summary judgment motion was denied in the bankruptcy court's order of May 11, 1995. In the same order, the court also granted partial summary judgment in favor of Classic Auto under § 523(a)(2)(A), in the amount of $241,000.

In June, 1995, the parties signed a pretrial order which listed as an issue of law to be litigated whether the claims raised in the adversary were barred by the doctrine of *res judicata*. Trial went forward on February 14, 1996.

According to pages 12–13 of the February 14, 1996, trial transcript, the bankruptcy court took judicial notice of pleadings and documents filed in the summary judgment portion of the proceeding. The bankruptcy court acknowledged that by granting judicial notice, it was preserving the issue decided on summary judgment for trial. The court then ruled the same way:

THE COURT: Okay, well, I rule the same way, and I thought I made it clear the last time, but I understand your position "better to be safe than sorry," so I will allow that judicial notice, and the record is very clear that I'm making the—to the extent necessary, which I don't think is, but I'm making obvious the same rulings. The rulings were in the merits of the motion.

[MARINO]: Excuse me, your Honor, just for clarity, that's our argument, that Rule 41 barred the relitigation of the second proceeding, and that rule, [sic] 1019, I believe, did not give Classic Auto second opportunity.

THE COURT: Right, I understand.

On March 8, 1996, the bankruptcy court entered judgment in favor of Classic Auto for $25,391 of the $241,000 debt nondischargeable under § 523(a)(2)(A) and the entire $241,000 debt nondischargeable under § 523(a)(6). The judgment referenced the court's consideration of its prior rulings, the pretrial order and the evidence, among other things.

Marino timely appealed both the March 8, 1996, judgment and the May 11, 1995, order denying his summary judgment motion, solely arguing the *res judicata* issue raised in his motion for summary judgment.

## ISSUES

1. Whether the Panel has jurisdiction to review the issue of whether Classic Auto's complaint in the Chapter 7 case was barred by *res judicata* when that issue was decided in an interlocutory order denying Marino's motion for summary judgment, and a trial on the merits was subsequently held.

2. Whether the dismissal of Classic Auto's complaint in the Chapter 11 case for untimeliness was an adjudication on the merits of the complaint.

3. Whether the bankruptcy court erred by failing to apply *res judicata* to bar relitigation of the complaint in Marino's Chapter 7 case.

## STANDARD OF REVIEW

To the extent the Panel must determine whether we have jurisdiction to grant the relief requested, jurisdiction is reviewed de novo. *In re Lake*, 202 B.R. 751, 755 (9th Cir. BAP 1996).

Applicability of *res judicata* is reviewed de *novo. In re Russell*, 76 F.3d 242, 244 (9th Cir.1996). The Panel also reviews *de novo* the bankruptcy court's interpretation and application of the Bankruptcy Rules. *In re Wheeler Tech., Inc.*, 139 B.R. 235, 238 (9th Cir. BAP 1992).

## DISCUSSION

**1. Appealability of the Denial of Marino's Motion for Summary Judgment.**

As a threshold matter, the Panel must determine that it has jurisdiction over an appeal. *In re Crystal Sands Properties*, 84 B.R. 665, 667 (9th Cir. BAP 1988). Orders denying summary judgment are generally not final and not appealable. *Jones–Hamilton Co. v. Beazer Materials and Servs., Inc.*, 973 F.2d 688, 698–94 (9th Cir. 1992). Interlocutory orders generally merge into final judgment and may be presented on appeal of that final judgment. *See In re Advent Mgmt. Corp.*, 178 B.R. 480, 486 (9th Cir. BAP 1995), *aff'd*, 104 F.3d 293 (9th Cir.1997). In this case, the bankruptcy court's May 11, 1995, order denying Marino's motion for summary judgment was interlocutory, and its final order after trial was entered March 8, 1996.

Generally, there is no need to review a denial of summary judgment after there has been a trial on the merits, as such review would be a "pointless exercise." *Lum v. City and County of Honolulu*, 963 F.2d 1167, 1169 (9th Cir.), *cert. denied*, 506 U.S. 1022, 113 S.Ct. 659, 121 L.Ed.2d 585 (1992) (after winning on Title VII claims in a bench trial, the defendant was denied review of its summary judgment motion which asserted that the arbitrator's decision should have been given

preclusive effect to resolve the same Title VII claims). This rule appears to be an exception to the general rule that interlocutory orders merge into final judgment and may be presented on appeal of that final judgment. *See Jarrett v. Epperly*, 896 F.2d 1013, 1016 n. 1 (6th Cir.1990) (court could not find a case applying merger which specifically involved the appealability of a denial of summary judgment after a full trial on the merits).

The exception does not apply to these facts. The bankruptcy court orally ruled again at the February 14, 1996, hearing on the issues decided adversely to Marino upon summary judgment. Although the formal order did not reiterate the ruling of law, the order was in favor of Classic Auto based on, among other things, the pretrial order, which listed the issue of the *res judicata* effect of the dismissal order as an issue of law for trial, and the evidence, including the facts judicially noticed by the court at trial. (See excerpt of transcript in Facts, section, above.) Therefore, the issues in Marino's motion for summary judgment were finally determined in the bankruptcy court's order of March 8, 1996, on the merits of the complaint, and were appealable from that order.

Even if the issues were not considered to have been litigated at trial, Marino's appeal of the March 8, 1996, order properly appealed all of the issues raised by the May 11, 1995, order denying his motion for summary judgment because that order also granted partial summary judgment to Classic Auto. *See Advent Mgmt.*, 178 B.R. at 486 (the grant of partial summary judgment is an interlocutory order; it will be merged into any final judgment and may be appealed at that time).

**2. Dismissal Order as Adjudication on the Merits of the Complaint.**

The bankruptcy court's 1991 order dismissing Classic Auto's complaint plainly stated that it was found to be untimely under Fed.R.Bankr.P. 4007(c). That rule provides that a complaint in a Chapter 11 pursuant to § 523(c) (which includes counts under § 523(a)(2) or (a)(6)) "shall be filed not later

than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." It was undisputed that Classic Auto filed its original complaint untimely.

Classic Auto contends that the order dismissing the complaint in the Chapter 11 case was not on the merits but was a jurisdictional defect under Fed.R.Bankr.P. 4007(c) that was cured by the new filing period in the converted Chapter 7 case. Classic Auto contends that the dismissal was, therefore, pursuant to Fed.R.Bankr.P. 7012/Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction.

On the other hand, Marino contends that Fed.R.Bankr.P. 7041/Fed.R.Civ.P. 41(b) governed and determined that the prior dismissal was on the merits of Classic Auto's complaint.

The Panel has previously held that Fed.R.Bankr.P. 4007(c) is not a jurisdictional requirement, but is rather in the nature of a statute of limitations. *In re Santos,* 112 B.R. 1001, 1004–09 (9th Cir. BAP 1990).[2] The Ninth Circuit Court of Appeals, in *Marino,* strictly construed the rule, but did not state that it was jurisdictional. "[I]f equitable powers to extend the time for filing under section 4007(c) exist at all, they are limited to 'situations where a court *explicitly misleads* a party.'" *Marino,* 37 F.3d at 1358 (quoting *In re Kennerley,* 995 F.2d 145, 148 (9th Cir.1993) (stating that a "unique" or "extraordinary circumstance" exception applies to allow a late-filed complaint objecting to discharge only when a court explicitly misleads a party as to a deadline)).

■ Even though Marino did not specify Fed.R.Civ.P. 41(b) in his motion to dismiss the complaint, that rule is applicable to de-

fine the effect of a federal judgment. *See In re Pyramid Energy, Ltd.,* 160 B.R. 586, 590 (Bankr.S.D.Ill.1993). Fed.R.Civ.P. 41(b) provides, with some enumerated exceptions, that a dismissal provided under the rule or not so provided constitutes an adjudication on the merits:

(b) INVOLUNTARY DISMISSAL: EFFECT THEREOF. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.P. 41, 28 U.S.C. (1994)

■ Dismissal with prejudice is a proper exercise of discretion under Fed.R.Civ.P. 41(b), and the inherent power of the court. *Al–Torki v. Kaempen,* 78 F.3d 1381, 1385 (9th Cir.1996). Pursuant to Fed.R.Civ.P. 41(b), unless a court provides otherwise, a dismissal other than for lack of jurisdiction, improper venue, or failure to join an indispensable party is with prejudice, even if not so stated. *See* 9 COLLIER ON BANKRUPTCY § 7041.06 at 7041–10–11 (15th ed.1996). In this case, the bankruptcy court dismissed the complaint with prejudice, further supporting its determination that the adjudication was on the merits.

Classic Auto contends that the dismissal was actually for lack of jurisdiction. A dismissal for lack of jurisdiction pursuant to

---

2. Thus, the bankruptcy court has jurisdiction to hear the motion for extension of time even after the bar date for filing such complaints because relief may be granted under equitable doctrines. *Santos,* 112 B.R. at 1004–09. Typical equitable situations may include some bad act on the part of the debtor, some failure by the bankruptcy court or by the clerk's office. *In re Halstead,* 158 B.R. 485, 487 (9th Cir. BAP 1993), *aff'd,* 53 F.3d 253 (9th Cir.1995) (noting that the Ninth Circuit strictly construes the bar date rule but allowing equitable tolling when the court misleads creditors by citing an erroneous bar date). *See also United States v. Locke,* 471 U.S. 84, 94 n. 10, 105

S.Ct. 1785, 1792 n. 10, 85 L.Ed.2d 64 (1985) ("[s]tatutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling"); *In re Anwiler,* 958 F.2d 925, 928–29 (9th Cir.), *cert. denied,* 506 U.S. 882, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992) (holding that bankruptcy court can use its equitable power to grant relief where delay in filing is not due to the fault of either party but to conflicting notices sent by two courts); *In re Potter,* 185 B.R. 68, 72 (Bankr. C.D.Cal.1995) (noting that there is "no jurisdictional bar to application of the equitable estoppel doctrine with regard to an untimely nondischargeability complaint").

Fed.R.Civ.P. 41(b) has a broader meaning than "jurisdictional defects ... such as lack of jurisdiction over the person or subject matter" and may encompass "a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim." *Costello v. United States*, 365 U.S. 265, 285, 81 S.Ct. 534, 545, 5 L.Ed.2d 551 (1961) (holding that failure to file the affidavit of good cause in a denaturalization proceeding falls within this category).

This case is distinguishable from *Costello* because there was no precondition. *See also Saylor v. Lindsley*, 391 F.2d 965, 969 (2nd Cir.1968) (dismissal for failure to post bond-for-cost did not operate as an adjudication on the merits). Marino was "put to the trouble of preparing his defense" by filing the motion to dismiss the first complaint. *Costello*, 365 U.S. at 287, 81 S.Ct. at 545.

■ Fed.R.Civ.P. 41(b) operates as an adjudication on the merits when the dismissal is for failure to comply with the procedural rules or with an order of the court. *Id.* at 286, 81 S.Ct. at 545. Classic Auto received the order and notice of the creditors' meeting from the bankruptcy court informing it of the deadline for nondischargeability complaints, but it failed to comply with Fed.R.Bankr.P. 4007(c) and that order.

A number of courts have held that a dismissal on limitations grounds is a decision on the merits for *res judicata* purposes. *See Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1179 (4th Cir.1989); *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1330 n. 3 (9th Cir.1981) (a judgment based on the statute of limitations is "on the merits," citing *Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir.), *cert. denied*, 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972)). *See also In re Multidistrict Litigation Concerning Air Crash Disaster Near Brunswick, Ga., April 4, 1991*,

879 F.Supp. 1196, 1199–1200 (N.D.Ga.1994). The Fourth Circuit Court of Appeals held that dismissal of a case by a federal court on the statute of limitations grounds was a decision on the merits which barred subsequent litigation of the same claim in a second federal court that would apply a different statute of limitations, notwithstanding that substantive issues had not been tried. *Shoup*, 872 F.2d at 1180 (and citing cases and authorities to the same effect). *Shoup* distinguished *Costello*, which held that a dismissal for lack of jurisdiction was within the meaning of an exception under Fed.R.Civ.P. 41(b), as follows:

> We cannot accept appellees' contention that a dismissal on statute of limitations grounds is, like a dismissal for failure to file an affidavit of good cause, a dismissal for lack of jurisdiction, and thus not a final adjudication on the merits. "[D]ismissals for want of jurisdiction are paradigms of non-merits adjudication." *See Nilsen*, 701 F.2d at 562.[3]

*Shoup*, 872 F.2d at 1181.

Indicative of the troublesome nature of this issue, there is a substantial dissent in *Shoup*. *Id.* at 1182.

■ There is further support for a dismissal on limitations grounds being a decision on the merits in the Bankruptcy Rules. Fed.R.Bankr.P. 4007(e) states that the Adversary Rules, Fed.R.Bankr.P. 7001–7087, apply to proceedings to determine the dischargeability of a debt. It has been held that dismissal of a complaint because it is barred by the applicable statute of limitations is, in substance, a dismissal under Fed.R.Bankr.P. 7012/Fed.R.Civ.P. 12(b)(6) for failure to state a claim.[4] *Suckow Borax Mines Consol. v. Borax Consol., Ltd.*, 185 F.2d 196, 204 (9th Cir.1950) (Fed.R.Civ.P. 9(f) makes averments of time and place material for testing the sufficiency of a complaint),

---

**3.** *Shoup* also cited the poignant reasoning of *Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 562 (5th Cir.1983), as follows:

> In such a [jurisdictional] dismissal the court does not "regard the merits of an action." It "merely classif[ies][an] action, whatever its merits, as one on which the court concerned cannot speak." In contrast, a statute of limita-

tions dismissal assumes the court "could have spoken but refuses to do so."
*Shoup*, 872 F.2d at 1181.

**4.** Even though neither party raised a Fed. R.Civ.P. 12(b)(6) issue on appeal, the parties' pleadings are read for their substance. *Lockhart v. Leeds*, 195 U.S. 427, 436–37, 25 S.Ct. 76, 79, 49 L.Ed. 263 (1904).

*cert. denied,* 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680 (1951). When determining that a complaint fails to state a claim, the trial court does not resolve contests concerning the facts or merits of the complaint. *Rutman Wine Co. v. E. & J. Gallo Winery,* 829 F.2d 729, 738 (9th Cir.1987). Nevertheless, the dismissal is "on the merits" pursuant to Fed. R.Civ.P. 41(b) because it is a determination that the complaint is formally insufficient. *See Suckow Borax Mines,* 185 F.2d at 205 (net result of asserting statute of limitations as affirmative defense in motion to dismiss or in summary judgment motion was an adjudication on the merits under Fed.R.Civ.P. 41(b)).

The dissent distinguishes the foregoing cases from bankruptcy cases, where a new statute of limitations is provided under the rules when the case is converted to a Chapter 7. The dissent concludes that the limitations period applied only to the Chapter 11 case, so that the dismissal was not "on the merits" because it was not an indefinite bar to refiling the complaint. The dissent's premise is that a statute of limitations can be displaced by another statute of limitations which, in effect, would displace the original judgment.

One of the cases cited by the dissent in support of this proposition is *In re Goralnick,* 81 B.R. 570, 572–73 (9th Cir. BAP 1987) ("creditors receive a fresh sixty day period for filing their complaints"). *Goralnick* is distinguishable on its facts. There, the creditor did not file a nondischargeability complaint in the Chapter 11 case. The debtors moved to dismiss the nondischargeability complaint filed in the Chapter 7 case as time barred by the Chapter 11 limitations period. The bankruptcy court and BAP held that the new time period was supported by the rules governing conversion and by policy considerations. None of the policy considerations discussed in *Goralnick* concerned the situa-

tion of a creditor who had filed a complaint in the Chapter 11 which was dismissed as untimely in the Chapter 11.[5]

■ Thus, where Classic Auto availed itself of the opportunity to contest discharge in the Chapter 11 case, it subjected itself to the statute of limitations defense and a ruling on the merits. The effect of such a dismissal is governed by Fed.R.Civ.P. 41(b). Fed. R.Civ.P. 41(b) specifies that other Fed. R.Civ.P. 12(b) defenses, such as lack of jurisdiction—(12)(b)(1) and (b)(2), improper venue—12(b)(3), and failure to join an indispensable party—12(b)(7), are not adjudications on the merits. Congress knew how to specify subsection 12(b)(6) grounds as an exception under Fed.R.Civ.P. 41(b) if it so wished, but did not do so. *See Paganis v. Blonstein,* 3 F.3d 1067, 1070–71 (7th Cir.1993) (dismissal under Fed.R.Civ.P. 12(b)(6) is an adjudication on the merits—in other words a dismissal with prejudice). The plain language of Fed.R.Civ.P. 41(b) and the policy behind it support the conclusion that the dismissal of the first complaint was on the merits.

### 3. Applicability of *Res Judicata*

Since the dismissal of the first complaint did not fall under one of the enumerated exceptions for lack of jurisdiction, improper venue or failure to join a party, Marino asserts that the dismissal was a final judgment on the merits of the complaint and should have been precluded in the converted Chapter 7 case by *res judicata.*

■ "[A] final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). The doctrine of *res judicata,* or claim preclusion, "prevents litigation of all grounds for, or defenses to, recovery that were previously

---

5. *Goralnick* emphasized the fact that creditors who did not take action relative to discharge in the Chapter 11 should not be estopped from filing nondischargeability claims in the succeeding Chapter 7. The reasoning was focused on the notion that a Chapter 11 case is one directed toward working with the debtor to effect a plan. In our case, the creditor was not passive, or actively, in support of the Chapter 11 debtor.

Instead, the creditor, pursuant to § 1141 and Fed.R.Bankr.P. 4007(c) actively attempted to oppose the discharge (the grounds for opposing the discharge or excepting to the dischargeability of a debt are the same in both Chapter 11 and Chapter 7). The creditor was untimely, and pursuant to Fed.R.Civ.P. 41(b), his complaint was dismissed.

available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). *See In re Daily,* 125 B.R. 816, 817–18 (Bankr.D.Hawai'i 1991), *aff'd,* 967 F.2d 585 (9th Cir.1992) (holding that dismissal for failure to prosecute constituted a final adjudication on the merits subject to *res judicata,* and citing *Mondakota Gas Co. v. Reed,* 244 F.Supp. 327, 332 (D.Mont.1964), *aff'd sub nom., S–W Co. v. Fidelity Gas Co.,* 349 F.2d 1020 (9th Cir.1965)). The doctrine applies to decisions of bankruptcy courts. *In re Alderman,* 195 B.R. 106, 113 (9th Cir. BAP 1996) (citing *Katchen v. Landy,* 382 U.S. 323, 334, 86 S.Ct. 467, 475, 15 L.Ed.2d 391 (1966)).

■ Nevertheless, it has been stated that "res judicata is to be 'applied in particular situations as fairness and justice require, and that it is not to be applied so rigidly as to defeat the ends of justice.'" *In re Daily,* 124 B.R. 325, 329 (Bankr.D.Hawai'i 1991).[6] The purpose of Fed.R.Bankr.P. 4007(c) is "to further the prompt administration of bankruptcy estates" *In re Hill,* 811 F.2d 484, 487–87 (9th Cir.1987), and to further fresh start goals by allowing the debtor to enjoy finality and certainty of relief from financial distress as quickly as possible. *In re Waldner,* 183 B.R. 879, 881 (9th Cir. BAP 1995).

■ Fed.R.Civ.P. 41(b) is not absolute. *Costello,* 365 U.S. at 285–88, 81 S.Ct. at 544–46 ("jurisdiction" does not have "fixed context"). A dismissal under this rule will not be afforded *res judicata* effect if it falls within one of the three stated exceptions to the rule. In addition, it is generally recognized that in some situations a second action is not barred by a former judgment when "new facts have come into existence or have

been alleged for the first time and it was the absence of these facts that made the first complaint defective." Charles Alan Wright & Arthur R. Miller, 9 Federal Practice & Procedure § 2373, at 408 (1995); *Brazier v. Great Atlantic & Pac. Tea Co.,* 256 F.2d 96, 99 (5th Cir.1958) (affirming dismissal with prejudice and noting that the dismissal and Fed.R.Civ.P. 41(b) would not affect "any right appellant might have to bring a new action if new facts should be discovered").

The "new facts" alleged by Classic Auto are that the Chapter 7 case creates a new case vesting in the creditors entirely new rights, including a new filing period. The bankruptcy court adopted this view. We cannot agree that such facts are the type which would obliterate the preclusive effect of the court's final ruling on the merits of the first complaint. The new facts alleged by Classic Auto do not relate to the factual pattern concerning the claim itself, nor to the untimely filing in the Chapter 11 case. What Classic Auto is actually doing is creating an issue of law: whether the subsequent Chapter 7 case trumps the "with prejudice" effect of the prior Fed.R.Civ.P. 41(b) dismissal.

■ The bankruptcy court correctly concluded that collateral estoppel would not apply.[7] Yet, it incorrectly determined that *res judicata* also would not apply, when it focused on the "issues" decided in the prior litigation rather than the fact that the prior judgment was on the merits of a complaint which raised the same claim made in the subsequent complaint, and stated:

[I]t's pretty obvious Rule 4007 couldn't possibly be res judicata because indeed the fact [sic] have changed.... [I]n this particular case, neither res judicata nor collater-

---

6. In this case, *Daily I,* the bankruptcy court held that a creditor could file a second nondischargeability complaint in the converted Chapter 7 case because it was filed before the first complaint filed in the Chapter 11 case had been dismissed. It further held, that once the Chapter 11 complaint was dismissed, *res judicata* would not apply to bar the complaint in the Chapter 7. Upon reconsideration, the court determined that its prior ruling had been based upon a misunderstanding of the relevant facts and applicable law. In *Daily II, In re Daily,* 125 B.R. 816 (Bankr.D.Hawai'i 1991), *aff'd,* 967 F.2d 585 (9th Cir.1992), the court realized that the dismissal

had been for lack of prosecution, and therefore was a final adjudication on the merits pursuant to Fed.R.Civ.P. 41(b), with *res judicata* effect. Therefore, the complaint was barred in the Chapter 7.

7. A Fed.R.Civ.P. 41(b) dismissal is not sufficient for application of collateral estoppel or "issue preclusion," which bars relitigation of an issue that was actually and necessarily litigated in a prior proceeding. *Pyramid Energy,* 160 B.R. at 590 n. 3.

al estoppel could possibly apply, because the only issue in the dismissal was whether or not it was timely in the context of the Chapter 11 then pending. Having been converted, in view of the bankruptcy rules, which specifically set a new time limit, couldn't possibly [sic]. There are different issues involved. The issue now is the time limit under Chapter 7, which is totally different than the issue involved in the Chapter 11, so it couldn't possibly, under any definition that I know of, be either res judicata or collateral estoppel, and ... Rule 41 can't change that.

Classic Auto contends that the application of *res judicata* would go against the policy behind the bankruptcy rule which explicitly allows for a new time period in which to file a nondischargeability complaint in a case converted from Chapter 11 to Chapter 7. *See* Fed.R.Bankr.P. 1019(2). Common-law *res judicata* does not apply when a contrary statutory purpose is evident. *In re Witkowski*, 16 F.3d 739, 744 (7th Cir.1994) (citing *Astoria Fed. Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 108, 111 S.Ct. 2166, 2169–70, 115 L.Ed.2d 96 (1991)). In *Witkowski*, the debtor objected to the Chapter 13 trustee's motion to modify the Chapter 13 plan. He argued that *res judicata* prevented modification. However, the trial court and reviewing courts held that the statutory framework of the Code plainly assumed the possibility of modifications. *Id.* at 745.

Fed.R.Bankr.P. 1019(2) provides, in pertinent part:

> When a chapter 11 ... case has been converted or reconverted to a chapter 7 case:
>
> .    .    .    .    .
>
> (2) *New Filing Periods.* A new time period for filing ... a complaint to obtain a determination of dischargeability of any debt shall commence pursuant to Rules 3002, 4004, or 4007, provided that a new time period shall not commence if a chapter 7 case had been converted to a chapter 11, 12, or 13 case and thereafter reconverted to a chapter 7 case and the time for filing ... a complaint to obtain a determination of the dischargeability of any debt,

or any extension thereof, expired in the original chapter 7 case.

Fed.R.Bankr.P. 1019, 11 U.S.C. (1994).

Fed.R.Bankr.P. 1019(2) promotes the policy that creditors of a Chapter 11 estate should expect that their rights will be determined in a confirmed plan and they need not go through the expense of, or set themselves in an adversarial position by, filing nondischargeability litigation. *Goralnick*, 81 B.R. at 572–73. A creditor who has already filed a nondischargeability complaint in the Chapter 11 case, however, has made the decision to institute litigation, and the same policy concerns for a new time period in the converted case do not exist. The purpose of the notice in the Chapter 7 case was to afford creditors, who out of a sense of negotiation or concern for the debtor's rehabilitation in Chapter 11, deferred or suspended consideration of dischargeability of a debt. Consequently, creditors who unsuccessfully opposed the discharge cannot refile in the Chapter 7 case.

We agree with Marino's interpretation of Fed.R.Bankr.P. 1019 in these circumstances, as stated in his opening brief:

> The correct interpretation of Rule 1019(2) and Rule 41(b) is that a creditor that does not file a dischargeability action in the Chapter 11 case has an opportunity pursuant to Rule 1019(2) to file that action upon conversion to Chapter 7. However, a creditor who files a dischargeability action in the Chapter 11 which is dismissed or unsuccessful, is barred by Rule 41(b) from refiling that litigation a second time in the Chapter 7 case after conversion.

In summary, Fed.R.Bankr.P. 1019 does not state a contrary statutory purpose to the preclusion of relitigation of a claim finally determined on the merits in the Chapter 11 case.

## CONCLUSION

The dismissal of Classic Auto's nondischargeability complaint in Marino's Chapter 11 case for untimeliness under Fed. R.Bankr.P. 4007(c) was an adjudication on the merits. There were no new facts alleged in the second complaint which would make

the application of *res judicata* inappropriate or inequitable. Furthermore, the purpose of Fed.R.Bankr.P. 1019 is not to allow a creditor who has had its day in court another opportunity to litigate the same claim in the converted case. Therefore, *res judicata* applied to preclude the refiling of Classic Auto's complaint in the Chapter 7 case. The bankruptcy court's judgment of March 8, 1996, is **REVERSED** and the matter is **REMANDED** in accordance with the foregoing disposition.

HAGAN, Bankruptcy Judge, dissenting:

I respectfully dissent.

The Appellee's adversary proceeding is not barred under Fed.R.Civ.P. 41(b), as reasoned by the majority. *Costello v. United States,* 365 U.S. 265, 285, 81 S.Ct. 534, 544–45, 5 L.Ed.2d 551 (1961), interprets the rule 41(b) bar to apply only to cases that have been decided on the merits. In *Costello,* quoted in the majority opinion, if the prior suit was dismissed "on any ground which did not go to the merits of the action" rule 41(b) does not bar the institution of a second action. The prior dismissal of the Appellee's adversary proceeding in the chapter 11 case was not a dismissal on its merits. Rather, the dismissal was based on a statute of limitations applicable only to the chapter 11 case. Upon conversion to chapter 7 a new statute of limitations became effective and the chapter 11 statute of limitations was no longer applicable.

The majority concludes that a dismissal under a statute of limitations is a dismissal for a failure to state a claim upon which relief can be granted. (*Suckow Borax Mines Consolidated v. Borax Consolidated, Ltd.,* 185 F.2d 196 (9th Cir.1950)). The majority then cites to cases holding a dismissal under a statute of limitations is a dismissal on the merits. (*Ellingson v. Burlington Northern, Inc.,* 653 F.2d 1327, 1330–31 n. 3 (9th Cir. 1981); *In re Multidistrict Litigation Concerning Air Crash Disaster Near Brunswick, Ga.,* 879 F.Supp. 1196, 1199–1200 (N.D.Ga. 1994)). The distinguishing factor is that these cases involve a statute of limitations that would forever bar the action in contrast to a statute of limitations applicable only

because the debtors were chapter 11 debtors. Ordinarily, a statute of limitations would bar a cause of action indefinitely. This is not necessarily true in a bankruptcy case. In the bankruptcy context the 60 day limitation for the filing of an adversary proceeding imposed by Fed.R.Bankr.P. 4007 ("rule 4007") applies only to the chapter in which the debtor's case is being administered at that time. The sixty day period begins to run anew upon conversion from a chapter 11 case to a case under chapter 7 even though the original sixty day period expired prior to the conversion. *In re Goralnick,* 81 B.R. 570 (9th Cir. BAP 1987); *F & M Marquette Nat. Bank v. Richards,* 780 F.2d 24 (8th Cir.1985).

In reaching its conclusion that the limitations period began anew upon conversion, the Panel took into consideration the fact many creditors in a chapter 11 case would not have filed timely dischargeability complaints. The majority attempts to distinguish *In re Goralnick* on this basis. This distinction would create two classes of creditors upon conversion of a case to chapter 7; those who did not take any action prior to conversion and are granted a new statute of limitations period, and those who attempted, albeit untimely, to preserve their rights during the chapter 11, and are foreclosed from pursuing their complaint upon conversion. The holding of *In re Goralnick,* "when a chapter 11 or 13 case is converted to a chapter 7, a new period arises for filing complaints objecting to discharge or dischargeability," does not create this distinction.

The prior dismissal of the Appellee's adversary proceeding was not an adjudication on the merits since the statute of limitations applied only while the case was a case under chapter 11. The conversion of the case to a case under chapter 7 of title 11 allowed a new statute of limitations to become applicable and so long as the adversary proceeding was filed within the period of that statute, it should not be subject to dismissal under rule 41(b).

I would conclude the second adversary proceeding is not barred by rule 41(b) under *Costello v. United States,* and would affirm

the judgment of nondischargeability entered by the bankruptcy court.